United States District Court
Southern District of Texas
**ENTERED**
August 28, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PONDEROSA ADVISORS, LLC D/B/A B3 INSIGHT, *Plaintiff*, v. SOURCEWATER, INC. and CASEE LEMON, *Defendants*. | Civil Action No.: 4:21-CV-02810 Jury Trial Demanded |

## ORDER ON PLAINTIFF'S VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The Court, having reviewed Plaintiff's Verified Motion for Temporary Restraining Order and Plaintiff's Verified Complaint and being fully advised hereby FINDS:

Plaintiff B3 has demonstrated that immediate and irreparable harm will result to Plaintiff if the requested Temporary Restraining Order is not entered. In particular, the Court finds that B3 has established that unauthorized access to its network and download of B3 data and related data structure has occurred, that Sourcewater and Casee Lemons conducted the unauthorized access, and that the evidence available at this stage in the proceedings indicates that Defendants have used or are using B3 data.

There is a likelihood of immediate and irreparable injury, loss, or damage that may result to B3 before Defendant's can be heard in opposition to B3's requested injunction. B3 has shown that, due to the ephemeral nature of digital evidence and the value of the data accessed, there is a substantial likelihood that Defendants may move, destroy, hide or otherwise prevent access to

1

evidence underlying Plaintiff's claims. In the event Defendants were able to prevent B3 from accessing the laptop and any and all evidence of Defendants' access to B3's networks, proprietary data, and data architecture, B3 would be unable to determine the scope of Defendants' use of B3 data, if any, which would preclude B3 from obtaining equitable or legal relief.

This Order should issue without notice to Defendants because notice to Defendants of this proceeding prior to entry of this Order would permit any destruction of evidence to take place prior to the entry of an order to preserve such evidence.

Based on the foregoing, this Court hereby ORDERS that

(a) Defendants Casee Lemons and Sourcewater must preserve the laptop computer that Ms. Lemons used between January 20, 2021 and July 31, 2021;

(b) Defendants Casee Lemons and Sourcewater preserve any and all communications, downloads, files, or other electronic materials in any way related to or containing B3 or B3 data;

(c) That Defendants immediately cease and desist all use of, access to, or transmission of any and all data, files, programs, API, or other electronic material in its possession which was downloaded or otherwise acquired from B3 without B3's express permission;

(d) Plaintiff shall furnish bond in the amount of $1,000.00 as adequate security for the payment of such costs and damages that Defendants may incur if the relief herein is found to have been improvidently granted; and

(e) This Order expires within fourteen (14) days of the date of entry, unless before that time the Court, for good cause, issues a fourteen-day extension, or the adverse party consents to a longer extension, the reasons for which must be entered in the record.

This Order is effective as of 4:30 p.m. Central Time, August 27, 2021.

Dated this 27th day of August, 2021.



_____
Hon. Judge Alfred H. Bennett